# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIN ROBERTSON, individually and
on behalf of a class of all persons and
entities similarly situated,

        Plaintiff

vs.

STOCKTON MORTGAGE
CORPORATION d/b/a QUILLO

        Defendant.

Case No. 1:26-cv-00658

## INTRODUCTION

Defendant Stockton Mortgage Corporation's motion is a narrow one, and it should be denied. Stockton does not challenge the sufficiency of Plaintiff's substantive allegations under the Telephone Consumer Protection Act ("TCPA"). It moves to dismiss one thing only, Plaintiff's request for injunctive relief, and it does so by reducing the Amended Complaint to a single sentence, labeling that sentence "conclusory," and then demanding a showing of future harm that the TCPA's statutory injunction does not require.

Neither move can succeed at the pleading stage.

1

In truth, the Amended Complaint devotes more than a dozen paragraphs to the risk of future harm, and they are anything but conclusory. Plaintiff Erin Robertson alleges that Stockton placed a text message call and at least thirteen voice calls to her residential number over the course of a single week, that she told Stockton she was not interested and terminated a call, only for Stockton to keep calling, that the calls were part of Stockton's ongoing outbound telemarketing campaign, that she still subscribes to the same number, which remains on the National Do Not Call Registry, that Stockton continues to use the same telemarketing to generate mortgage leads, and that Stockton has never removed or suppressed her number, instructed its agents not to call her, or changed its practices. Accepted as true and read in the light most favorable to Plaintiff, those allegations plausibly establish a real and continuing risk that Stockton will call her again. That is all standing requires now.

Stockton's contrary argument rests almost entirely on the passage of time since the calls it concedes it placed, and on a handful of decisions arising in very different postures. But Stockton mounts only a facial challenge. It submits no evidence that it has ceased the challenged practices, offers no representation that it has changed them, and indeed concedes that it continues to telemarket in the very manner that produced the calls to Plaintiff. A defendant cannot defeat a request for injunctive relief simply by declining to call a particular consumer for a period of time while leaving the unlawful machinery in place, especially where, as here, it kept

calling even after the consumer said no. The motion should be denied. To the extent the Court finds any allegation wanting, leave to amend should be granted.

## BACKGROUND

Plaintiff Erin Robertson alleges that her residential telephone number ending in 4337 is a non-commercial number used for personal, residential purposes only and not associated with any business, Am. Compl. ¶¶ 18-19, ECF No. 6, and that it has been listed on the National Do Not Call Registry since 2023, *id.* ¶ 20. Plaintiff has never been a customer of Stockton and never consented to receive its calls. *Id.* ¶ 21. Despite this, beginning on May 8, 2024, Plaintiff received a telemarketing text message from Stockton addressed to a stranger named "Igbinosa," a person Plaintiff does not know and with whom she has no affiliation. *Id.* ¶¶ 22-23. Plaintiff then received at least thirteen telemarketing voice calls from Stockton, all from Caller ID (833) 784-5561, between May 8 and May 16, 2024. *Id.* ¶¶ 24-25. The first two calls delivered a scripted telemarketing pitch asking whether Plaintiff was interested in a home loan. *Id.* ¶¶ 26-27. Plaintiff was not interested and terminated the call, yet Stockton continued to call her anyway. *Id.* ¶¶ 28-29.

The Amended Complaint does not stop there. Plaintiff alleges that the calls were not isolated communications but part of Stockton's ongoing outbound telemarketing campaign to generate business, *id.* ¶ 32, that Stockton's policies and procedures for avoiding unlawful calls are nonexistent or inadequate, as

demonstrated by its having begun the campaign addressed to a stranger, *id.* ¶ 33, that Plaintiff continues to subscribe to and use the same telephone number, *id.* ¶ 34, which remains on the Do Not Call Registry, *id.* ¶ 35, that Stockton continues to use outbound telemarketing to promote its services, *id.* ¶¶ 36-37, that Stockton kept calling even after Plaintiff made clear she was not interested, *id.* ¶ 38, and that Stockton has never given Plaintiff any assurance that it removed or suppressed her number, placed it on an internal do not call list, instructed its agents not to call her, or changed the practices that caused the calls, *id.* ¶¶ 39-40. Plaintiff therefore alleges that she faces a real and substantial likelihood of receiving further unlawful calls absent injunctive relief, *id.* ¶¶ 30-31, 41, and that an injunction would redress that ongoing and future injury, *id.* ¶ 42.

Stockton moved to dismiss a single aspect of the Amended Complaint, Plaintiff's request for injunctive relief, under Rule 12(b)(1) for lack of Article III standing. This response follows.

**STATEMENT OF QUESTION INVOLVED**

1. Whether, on Defendant's facial Rule 12(b)(1) challenge, the Court must accept the Amended Complaint's well pleaded allegations as true and construe them in Plaintiff's favor?

*Suggested Answer:* Yes.

*Anticipated Response:* No.

4

2. Whether Plaintiff has adequately alleged Article III standing to seek injunctive relief, where she pleads an ongoing telemarketing campaign, continued calls after she objected, an active number that remains on the Registry, and no cessation or change in Defendant's practices?

*Suggested Answer:* Yes.

*Anticipated Response:* No.

## STANDARD

A challenge to standing is brought under Rule 12(b)(1). There exist two types of such challenges, facial and factual, each with its corresponding standard. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Stockton has submitted no evidence in support of its motion. It argues only that the allegations of the Amended Complaint are insufficient on their face to establish a risk of future injury. In so doing, Stockton mounts a facial challenge. "In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim: Court[s] must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024).

## ARGUMENT

### I.   PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF.

Stockton moves pursuant to Rule 12(b)(1) to dismiss Plaintiff's request for injunctive relief, arguing that Plaintiff lacks Article III standing because she has not adequately pleaded a risk of future injury. That argument fails for several independent reasons. Plaintiff need not plead the traditional elements of injunctive relief to pursue the statutory injunction the TCPA expressly authorizes; in any event, Plaintiff's detailed allegations of an ongoing pattern of unlawful conduct and inadequate compliance procedures establish a real and continuing risk of future harm; and Stockton's contrary authorities are inapposite.

### A. *The TCPA authorizes statutory injunctive relief, for which Plaintiff need only allege a statutory violation.*

The TCPA, 47 U.S.C. § 227, creates a private right of action and authorizes a court to order injunctive relief. Where a statute bans certain conduct or establishes certain rights, a court may grant an injunction to enforce the statute, and where a plaintiff sufficiently alleges a statutory violation, that is all that is required to request injunctive relief in a complaint. Though the Plaintiff alleges future harm, she is not required to:

> The Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(3), creates a private right of action and allows a Court to order injunctive relief, monetary relief, and treble damages. Plaintiff is not seeking a preliminary injunction, which would require a showing of likelihood of success on the merits and irreparable harm. Defendant argues that Plaintiffs allegations do not suffice to

> establish either prong, and are inadequate to state a claim for treble damages. . . . In Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004), the Eleventh Circuit differentiated statutory and non-statutory injunctions. . . . Where plaintiff sufficiently alleges a claim for a statutory violation, that is all that is required to request injunctive relief in a complaint.

*Gutierrez v. Fla. Advert. & Mktg. Corp.*, 387 F. Supp. 3d 1410, 1411 (S.D. Fla. 2019). The Western District in *Abramson v. AP Gas & Elec. (PA), LLC*, No. CV 22-1299, 2023 WL 1782728, at *5 (W.D. Pa. Feb. 6, 2023), denied a similar motion to dismiss, reasoning that the conducing of "ongoing telemarketing" by the defendant, as well as a high number of calls (11) and disturbed solitude and annoyance, entitled the plaintiff to injunctive relief and adequately placed him within the "zone of interests protected by the" TCPA's injunctive relief provision and alleged, "a pattern and practice by AP Gas of violating the TCPA," which, if accepted as true, " permit an inference of future violations that the TCPA seeks to enjoin." Other federal courts have explicitly rejected the Defendant's arguments here. This Court should likewise hold, based on nearly identical pleading to that in *Abramson*.

### B. In any event, Plaintiff's detailed allegations establish a real and continuing risk of future harm.

Even measured against the traditional standing inquiry Stockton invokes, the Amended Complaint easily suffices. Stockton's brief engages *a single paragraph* of the pleading, Plaintiff's allegation that the "recurrent and relatively recent nature of the alleged calls" makes future calls likely, ¶ 30, and dismisses it as "conclusory." But Stockton ignores paragraphs 31 through 42, in which Plaintiff pleads, in detail,

7

the factual basis for that conclusion. On a facial challenge the Court reads the complaint as a whole and credits all of it, not the single sentence Stockton addresses.

Read as a whole, the Amended Complaint alleges far more than an isolated, completed episode. Plaintiff alleges that the calls were part of Stockton's ongoing outbound telemarketing campaign to generate home loan business, not isolated communications, that Stockton's policies and procedures for avoiding unlawful calls are nonexistent or inadequate, that Stockton continued to call Plaintiff even after she expressed disinterest and terminated a call, that Plaintiff continues to subscribe to and use the same telephone number, which remains on the Do Not Call Registry, that Stockton continues to use outbound telemarketing to promote its services, and that Stockton has never given Plaintiff any assurance that it removed or suppressed her number, placed it on an internal do not call list, instructed its agents not to call her, or changed its practices. These are concrete allegations describing an unremediated telemarketing system that produced the calls and remains in place.

Accepted as true, those allegations "permit an inference of future violations that the TCPA seeks to enjoin." *Abramson*, 2023 WL 1782728, at *5. The point is reinforced by *Atkinson v. Choice Home Warranty*, No. CV 22-04464, 2023 WL 166168, at *7 (D.N.J. Jan. 11, 2023), where the court found standing for injunctive relief on the same two features present here, recurrent calls, and a defendant that kept calling after the plaintiff signaled she did not want them: "[G]iven the recurrent

8

and relatively recent nature of the alleged calls and the fact that Defendant continued to call Plaintiff after she repeatedly asked to be removed from the call list, the Court finds that Plaintiff has alleged facts which, accepted as true, establish a sufficient likelihood that Defendant will call her again in the future." Plaintiff alleges precisely that conduct. Stockton kept calling her after she made clear she was not interested.

The *single fact* Stockton emphasizes, that it placed the calls some time before suit, does not defeat standing. Standing is measured by "whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Davis v. FEC*, 554 U.S. 724, 734 (2008). The relevant question is *not* how *recently* the last call was placed, but whether the *conditions* that make recurrence likely *persist*. Here they do, and Defendant has not challenged Plaintiff's well pled allegations on this point. On those allegations, the threatened injury is real, the causal connection to Stockton's conduct is direct, and an injunction would redress it, satisfying each element of standing for injunctive relief.

### C. Stockton's voluntary decision not to call Plaintiff does not defeat standing.

Stockton does not represent that it has ceased the challenged practices or altered them in any way. The Amended Complaint affirmatively alleges the opposite, that Stockton has given no assurance it removed or suppressed Plaintiff's number or changed the practices that caused the calls. Even if true, this is not the end of the analysis. "The Supreme Court has recognized that when the time frame

for the alleged injury is by nature temporary, a named plaintiff can continue to pursue the interests of the class even after his own claim has been rendered moot. Otherwise, a defendant could evade prospective injunctive relief simply by inflicting harms that are too transitory to last the length of an entire lawsuit or, in this case, by ceasing the alleged violations with respect to plaintiffs who step forward." *Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 901 (N.D. Ill. 2017). *Snyder* rejected the argument that the cessation of calls deprives one of injunctive relief:

> If this were sufficient to defeat standing, Ocwen would be able to cease calls to any individual the instant he joined the case as a named plaintiff and thereby indefinitely avoid injunctive relief, while keeping the allegedly unlawful practices in effect. A defendant's choice to end the challenged behavior— where he remains free to resume the unlawful conduct at any time—is insufficient to render plaintiff's claim moot.

*Id.* at 901.

Stockton remains free to resume calling Plaintiff at any time, using the same practices to the same number, and it has disclaimed nothing. Its decision not to call her for a period is no answer to her request for an injunction.

### D. *Stockton's authorities are inapposite.*

Stockton leans on *Miller*, *Blair*, and *Newell*, all unpublished opinions of which it has not met Local Rule compliance for filing with its motion, but none is particularly availing here. *Miller* was a *factual* challenge (not a facial challenge, as here), decided on a sworn declaration establishing that the defendant had stopped

10

calling the plaintiff at her request and had not called her for approximately eight months. Here, Stockton offers no declaration and no cessation evidence and concedes that it continues to telemarket. *Blair* and *Children's Dental* are inapposite for the opposite reason. The plaintiffs there pleaded nothing about future risk. In *Blair*, the plaintiff did not even mention the possibility of future calls and in *Children's Dental* the plaintiff, who alleged only two isolated text messages, did not plead any factual basis to conclude that he is at risk of any real or immediate threat that he will be wronged again. He only supplied that basis in his opposition brief.

Plaintiff here did the opposite. She pleaded a text call plus at least thirteen voice calls, continued calling after she objected, an ongoing campaign, an unremediated compliance failure, and a continuing likelihood of future calls, all in the complaint itself. ¶¶ 24-42. Those allegations distinguish this case from the isolated, unrepeated contacts in Stockton's authorities. And both *Blair* and *Children's Dental* dismissed the injunctive relief request without prejudice and with leave to amend not, as Stockton requests, with prejudice, which is inappropriate on a Rule 12(b)(1) motion. *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020). Should the Court find any allegation insufficient, dismissal should be without prejudice and leave to amend should be granted. Fed. R. Civ. P. 15(a)(2).

### E. Stockton's "wrong number" and serial litigant theories do not defeat standing and cut the other way.

Stockton argues that because its text was addressed to "Igbinosa," it was not even attempting to reach Plaintiff, which it says only undercuts any risk of future calls. The pleaded facts are to the contrary. Whatever the origin of Stockton's lead, Stockton in fact placed a text call and at least thirteen voice calls to *Plaintiff*, and, after she declined and terminated a call, kept calling. At the pleading stage, the misdirected text call does not undercut Plaintiff's theory, it confirms it. A telemarketing operation that launches a campaign with a call directed to a stranger and then continues calling that number after the recipient says no, is exactly the non-existent or inadequate compliance system Plaintiff alleges, and exactly the sort of system likely to misfire again.

Stockton's inflammatory and irrelevant suggestion that Plaintiff is participating in a "scheme" and that Stockton is the "victim of a fraudulent scheme" fares no better. Mot. at 8 n.2. Stockton itself concedes the point is "beyond the scope of th[e] motion." *Id.* It is also beyond the pleadings. On a facial challenge, the Court accepts Plaintiff's allegations as true, including that she is not "Igbinosa" and has no affiliation with anyone by that name, and does not weigh Stockton's unproven accusations that lie outside the pleadings. While a court may take judicial notice of the existence of other lawsuits as matters of public record, it may not accept the truth of disputed factual assertions made within them. The fraud theory Stockton

12

references was never adjudicated and it has no bearing on whether Plaintiff has standing here. That a plaintiff may have filed other TCPA actions is not a defense to standing. The statute contains no such limitation.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss Plaintiff's request for injunctive relief. To the extent the Court finds any allegation deficient, Plaintiff respectfully requests leave to amend.

Dated: June 12, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
M.D. Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.8, I hereby certify that this brief contains fewer than 15 pages.

DATED this June 12, 2026

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

13

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

June 12, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com

14