2023 WL 166168
Only the Westlaw citation is currently available.
**Not for Publication**
United States District Court, D. New Jersey.

Tracy ATKINSON, Plaintiff,

v.

CHOICE HOME WARRANTY, Defendant.

Civil Action No. 22-04464
|
Signed January 11, 2023

**Attorneys and Law Firms**

Jacob U. Ginsburg, Kimmel & Silverman, Ambler, PA, for Plaintiff.

Kenneth D. Friedman, Manatt, Phelps, & Phillips, LLP, New York, NY, for Defendant.

**OPINION**

John Michael Vazquez, United States District Judge

**\*1** This matter arises out of an alleged series of unwanted telephone solicitations. Plaintiff Tracy Atkinson claims that Defendant Choice Home Warranty ("CHW") placed at least seven calls to her cell phone attempting to sell her a home warranty in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and the Texas Business and Commerce Code § 302.101. Defendant filed the present motion, seeking dismissal of the Complaint for failure to state a claim and dismissal of Plaintiff's request for injunctive relief for lack of standing. D.E. 8. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **DENIED**.

**I. BACKGROUND**[2]
Plaintiff had a cell phone which she "primarily used ... for residential purposes." D.E. 1. ("Compl.") ¶¶ 12-13. Plaintiff "registered that cell phone number on the Do Not Call Registry on or around December 2, 2008." *Id.* ¶ 14. Nevertheless, "[b]eginning on or around October 13,

2021, Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan." *Id.* ¶ 16. Plaintiff did not consent to these calls. *Id.* ¶ 18. The Complaint alleges that "Defendant placed at least 7 calls to Plaintiff," and includes the following chart of the calls:

| Date: | Caller ID: |
|---|---|
| October 13, 2021 9:09 am | 210-712-1299 |
| October 18, 2021 4:33 pm | 210-712-1299 |
| October 22, 2021 1:16 pm | 210-712-1299 |
| October 27, 2021 3:12 pm | 210-712-1299 |
| October 27, 2021 3:18 pm | 817-406-9994 |
| October 28, 2021 12:05 pm | 210-714-5061 |
| November 1, 2021 5:10 pm | 210-712-1299 |

*Id.* ¶¶ 21-22.
During the October 27, 2021, 3:12 pm call, Plaintiff "asked if the company making the calls had a website." *Id.* ¶ 24. Plaintiff alleges that the person on the phone "provided 'ChoiceHomeWarranty.com' as the website associated with the party making the calls." *Id.* During that same call, Plaintiff requested to be removed from the company's call list. *Id.* ¶¶ 26-27. However, Plaintiff continued to receive calls from Defendant. *Id.* ¶¶ 28, 30, 32. Plaintiff informed the caller on two subsequent calls that she had requested to be removed from the call list. *Id.* ¶¶ 29, 31. Plaintiff alleges that CHW "directly placed the subject calls," but that "[i]f in fact, during the course of discovery, Plaintiff learns [CHW] engaged a third-party vendor to place the subject calls, [CHW] would be vicariously liable for such calls." *Id.* ¶¶ 35-36. Moreover, Plaintiff alleges that the calls were placed with "malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff." *Id.* ¶ 40. Plaintiff also alleges that CHW "sought the business of Plaintiff at her Texas phone number while she was a Texas resident." *Id.* ¶ 34. Plaintiff claims, however, that CHW did not "register as a telephone solicitor with the Texas Secretary of State" as required by Texas law. *Id.* ¶¶ 34, 45.

**\*2** Plaintiff's Complaint seeks actual and statutory damages under the TCPA and Texas law as well as injunctive relief. *Id.* The present motion followed. D.E. 8.

**II. STANDARD OF REVIEW**
CHW moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). If, after viewing the allegations in the complaint in the manner most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010). "[T]he defendant bears the burden of showing that the plaintiff has not stated a claim." *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 299 n.4 (3d Cir. 2016) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000)).

CHW also seeks to dismiss Plaintiff's request for injunctive relief pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. To decide such a motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Here, CHW's motion appears to be a facial

attack, and as a result, like a Rule 12(b)(6) motion to dismiss, "the Court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### III. ANALYSIS

#### A. Count I – TCPA Claim

**\*3** Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012). Congress also provided a private right of action for people who have "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5). The regulations provide that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. § 64.1200(c)(2).

CHW raises many perceived pleading deficiencies as to Plaintiff's TCPA claim. First, CHW claims that Plaintiff has not pled that CHW directly, physically made the calls at issue, as required for direct liability under the TCPA. *See Aaronson v. CHW Grp., Inc.*, No. 18-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) ("In order to establish that a defendant is directly liable under the TCPA, courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone call at issue." (citation omitted)). The Court disagrees. In various instances, Plaintiff explicitly alleges that Defendant directly placed the relevant calls. *See, e.g.*, Compl. ¶ 16 ("*Defendant* began calling Ms. Atkinson" on or around October 13, 2021 (emphasis added)); *id.* ¶ 20 ("*Defendant* placed calls to Ms. Atkinson on numerous occasions attempting to solicit Plaintiff a home warranty plan[.]" (emphasis added)); *id.* ¶ 21 ("In total, *Defendant* placed at least 7 calls to Plaintiff[.]" (emphasis added)). While these allegations might be too conclusory to state a claim standing alone, Plaintiff further alleges that when she "asked if *the company making the calls* had a website," the person on the phone "provided 'ChoiceHomeWarranty.com' as the website[.]" *Id.* ¶ 24 (emphasis added). Considered in a light most favorable to Plaintiff, as is required on a motion to dismiss, this allegation allows the Court to draw the reasonable inference that CHW directly made the October 27, 2021, 3:12 pm call. *Cf. Dudley v. Vision Solar, LLC*, No. 21-659, 2021 WL 3077557, at *4 (D.N.J. July 21, 2021) (relying on "common sense alone"

to find a claim facially plausible where plaintiff alleged that "the entity that placed the call and scheduled the appointment was the same entity that arrived at Plaintiffs' home for the prearranged meeting and presented Plaintiffs with a business card"). Moreover, because four other calls came from the same phone number as that call, the Court can reasonably infer that "more than one telephone call" was directly placed by Defendant.

Defendant cites to various non-binding decisions in search of a contrary result. For instance, Defendant relies on *Landy v. Natural Power Sources, LLC*, No. 21-00425, 2021 WL 3634162, at *3 (D.N.J. Aug. 17, 2021). In that case, the court ruled that plaintiff had not sufficiently alleged that defendant was directly liable for making the call. *Id.* The plaintiff in *Landy* only alleged that once he was on the call, "he was transferred to" the defendant, without alleging that the defendant placed the initial call. *Id.* Here, Plaintiff alleges explicitly that Defendant placed at least seven calls and that she was provided with "ChoiceHomeWarranty.com" when she asked "if the company making the calls had a website." Compl. ¶¶ 21-24. *Landy* is inapposite.

Plaintiff also cites to *Smith v. Vision Solar LLC*, No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020). In that case, the plaintiffs alleged that the defendant contacted one plaintiff "from multiple telephone numbers confirmed to belong to Defendant." *Id.* Plaintiff did not, however, "point to any further information ... to justify this conclusion." *Id.* Thus, the court found that plaintiffs had not sufficiently pled that the calls came from the defendant. *Id.* But here, Atkinson points to a specific fact leading to her conclusion that the calls came from CHW—the provision of the website bearing their name. Thus, *Smith* is also distinguishable.

 **\*4** CHW also relies on *Aaronson v. CHW Group, Inc.*, 2019 WL 8953349, at *2. That case noted that "at the pleading stage, plaintiff must allege facts to support [her] conclusion or belief that defendant is the party that made the calls to plaintiff's cellular phone." *Id.* (citation omitted). There, the plaintiff did not provide any "details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone." *Id.* Similarly, the court in *Bank v. Vivint Solar, Inc.*, No. 18-2555, 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*, 2019 WL 1306064 (Mar. 22, 2019), found that plaintiff failed to state a TCPA claim, observing that "absent from the pleading are any specifics as to the statements made [on the phone call]

regarding the source of the [call] or the entity or entities whose business was being promoted." Atkinson, however, provided such a detail by alleging that she "asked if *the company making the calls* had a website" and was "provided 'ChoiceHomeWarranty.com' as the website associated with the party making the calls." Compl. ¶ 24. Thus, Plaintiff has pled what the *Aaronson* and *Vivint Solar* courts said was lacking—specific facts to support a reasonable inference that the defendant made the call.

Defendant's reliance on *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-07129, 2018 WL 1524067, at *1-5 (N.D. Cal. Mar. 28, 2018), fares no better. *Meeks* held that the plaintiff had not alleged liability as to defendant Yelp because, while the text messages were sent through Yelp's application, plaintiff's complaint contained "affirmative allegations confirming that Yelp was *not* the maker or initiator of those text messages." *Id.* at *5 (emphasis in original). Instead, the plaintiff alleged that "the app users, *i.e.*, the Buffalo Wild Wings restaurants, initiated the text messages because they, and not Yelp, decided whether, when, and to whom to send the text messages." *Id.* at *4. Atkinson alleges that CHW directly placed the calls at issue, not that it was a software middleman or "platform" through which the calls were made, making *Meeks* inapposite. Defendant's reliance on *Sheski v. Shopify (USA) Inc.*, No. 19-06858, 2020 WL 2474421, at *2-4 (N.D. Cal. May 13, 2020), another case where the defendant merely "provide[d] a platform" for sending text messages but did not have "any control over a retailer's actual text marketing campaigns," fails for the same reason.

Second, Defendant claims that Plaintiff has failed to adequately plead common law agency as necessary to support a claim that CHW is vicariously liable for the calls. Plaintiff admits that she did not "attempt to plead the factual basis for vicarious liability." Opp. at 12; Compl. ¶ 36 ("If in fact, during the course of discovery, Plaintiff learns [CHW] engaged a third-party vendor to place the subject calls, [CHW] would be vicariously liable for such calls."). Given Plaintiff's concession that this was not an attempt to plead vicarious liability, it is unnecessary for the Court to consider Defendant's arguments on this point. Both parties and the Court agree that Plaintiff has not adequately pled vicarious liability—instead, as explained above, she relies on a theory of direct liability at this stage.

Third, Defendant argues that Plaintiff failed to adequately plead that the phone receiving the calls was a "residential telephone." Br. at 18-20. As noted, the relevant regulations

Case 1:26-cv-00658-JKM    Document 9-1    Filed 06/12/26    Page 4 of 12

Atkinson v. Choice Home Warranty, Not Reported in Fed. Supp. (2023)

prohibit a person or entity from initiating "any telephone solicitation to ... [a] *residential telephone subscriber* who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. § 64.1200(c)(2) (emphasis added). "The consensus in [the Third] Circuit is that Do Not Call claims may apply to cell phones." *Dudley*, 2021 WL 3077557, at *5 (citations omitted). Defendant's own authority shows that some courts begin with a presumption that a cellular phone number is "residential" where it has been registered on the national do-not-call registry. *See Mantha v. QuoteWizard.com, LLC*, No. 19-12235, 2022 WL 325722, at *6 (D. Mass. Feb. 3, 2022). "[I]t is not required that a plaintiff provide extensive detail to state a plausible claim as to the residential character of his cell phone." *Dudley*, 2021 WL 3077557, at *5 (citation omitted).

 **\*5** Plaintiff alleges that she registered her cell phone number on the do-not-call registry, and that she uses that cell phone "primarily ... for residential purposes." Compl. ¶¶ 13, 15. In *Dudley*, the plaintiff only alleged that "[p]laintiffs cell phone numbers [were] used for 'residential purposes.' " *Dudley*, 2021 WL 3077557, at *5. The court noted that "[w]hile the Complaint does not allege additional facts to elaborate on the residential nature of [p]laintiff's cell phones," such allegations are not necessary to state a claim. *Id.* Instead, "the explicit allegation that the cell phone numbers were used 'for residential purposes' " was sufficient. *Id.* (citation omitted). Here, Plaintiff's registration with the do-not-call registry, Compl. ¶ 15, coupled with her explicit allegation that the cell phone is in fact "residential," *id.* ¶ 15, is sufficient at this stage.

Fourth, Defendant claims that Plaintiff has failed to adequately plead that the calls here constitute "telephone solicitations" as required by the statute. Br. at 20-21. The TCPA defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person[.]" 47 U.S.C. § 227(a)(4). Plaintiff alleges that "Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan." Compl. ¶ 16. Plaintiff further alleges that the calls were made "for telemarketing purposes" and that "Defendant placed calls to Ms. Atkinson on numerous occasions attempting to solicit Plaintiff a home warranty plan that Plaintiff had no interest in." *Id.* ¶¶ 19-20. Plaintiff has clearly alleged that the calls were for the purpose of encouraging her to purchase a good or service, as required

by the statute. Thus, Defendant's argument on this point falls short.

Fifth, Defendant argues that Plaintiff has not adequately pled that Defendant made more than one "telephone solicitation" to Plaintiff within twelve months. Br. at 22. As noted above, Plaintiff alleges at least seven total calls, all of which took place within less than one month.[3] Compl. ¶¶ 21-22. Five of these calls came from the phone number 210-712-1299, which was the phone number that called when Plaintiff was provided with "ChoiceHomeWarranty.com" as the website for "the company making the calls." *Id.* ¶¶ 22, 24. Thus, at a minimum, the five calls which came from the same phone number can be directly attributed to Defendant and Plaintiff has sufficiently alleged that she received "more than one telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5).

Defendant relies on *Greene v. Select Funding, LLC*, No. 20-07333, 2021 WL 4926495, at *5 (C.D. Cal. Feb. 5, 2021), in which the court observed that the plaintiff had only answered one call from defendant, which was insufficient to allow the court "to reasonably infer that [the] other calls were solicitations." *Id.* Here, while Plaintiff only alleges the specific content of one call, she answered the phone on at least three occasions, Compl. ¶¶ 24, 29, 31, claims that "Defendant began calling Ms. Atkinson on her cellular telephone to sell Plaintiff a home warranty plan," *id.* ¶ 16, that the "calls" were "for telemarketing purposes," *id.* ¶ 19 and that "Defendant placed *calls* to Ms. Atkinson on *numerous occasions* attempting to solicit Plaintiff a home warranty plan," *id.* ¶ 20 (emphasis added). These allegations create a reasonable inference that more than one of the seven calls explicitly listed were "telephone solicitations" in violation of the statute.

Defendant's sixth and final argument as to the TCPA claim is that Plaintiff has not adequately pled a willful or knowing violation, as necessary to allow entitlement to treble damages. *See* 47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendant's actions were "malicious, intentional, willful, reckless, wanton and negligent" and had the "purpose of harassing Plaintiff." Compl. ¶ 40. While these allegations are conclusory, Plaintiff further alleges that she asked to be removed from Defendant's call list on three occasions but continued to receive calls. *Id.* ¶¶ 26-32. Drawing all reasonable inferences in favor of Plaintiff, the Complaint sufficiently alleges that Defendant acted willfully or knowingly in continuing to call Plaintiff

despite her repeated indications that she did not wish to receive such calls.

**\*6** For the foregoing reasons, the motion to dismiss Count I is denied.

### B. Count II – Texas Law Claim[4]

Defendant, without citing to any authority, also challenges Plaintiff's claim for violation of the Texas Business and Commerce Code, arguing that "the Complaint provides *zero* facts supporting the essential elements of such a claim." Br. at 23 (emphasis in original). Texas law provides that "[a] seller may not make a telephone solicitation ... to a purchaser located in [Texas] unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

Plaintiff alleges that CHW "sought the business of Plaintiff at her Texas phone number while she was a Texas resident, despite the fact that [CHW] failed to register as a telephone solicitor with the Texas Secretary of State." Compl. ¶ 34. Plaintiff further alleges that CHW engaged in "continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State." *Id.* ¶ 45. These allegations sufficiently state a claim for a violation of § 302.101, and thus the motion to dismiss is denied as to Count II.

In its reply, Defendant seeks to distinguish a case cited by Plaintiff, *Pepper v. Life Protect 24/7, Inc.*, No. 20-02154, 2021 WL 4084514, at \*3 (S.D. Tex. Mar. 1, 2021), on the basis that, there, "the plaintiff's complaint 'cite[d] a web address that confirmed[ed] that [the defendant] was [not] registered with the Office of the Secretary of State at the time the calls were placed.' " Reply at 14. That case, however, did not find that such allegations were *necessary* to state a claim. Further, what Defendant appears to demand is closer to evidence than it is to the plausible allegations required to survive a Rule 12(b)(6) motion. *See Hassan v. City of New York*, 804 F.3d 277, 296 (3d Cir. 2015) ("[w]hile it is possible that Plaintiffs will ultimately falter in meeting their burden of proof, the collection of evidence is the object of discovery" and the "pleading of 'evidence' " is not required).

Defendant also notes that Plaintiff did not allege facts to demonstrate that three statutory exceptions to liability do not apply. Br. at 23 n.10. But the Federal Rules only require "a short and plain statement of the claim showing that the pleader

is entitled to relief," Fed. R. Civ. P. 8(a)(2), and a plaintiff is not required to plead around every possible statutory exception or defense to her claim. *Bello v. Cap. One Bank (USA) N.A.*, No. 20-01218, 2020 WL 728804, at \*4 (D.N.J. Feb. 13, 2020) (citing *United States v. Columbus Country Club*, 915 F.2d 877, 882 (3d Cir. 1990)) (noting that "it is not [p]laintiff's responsibility to foreclose" the application of statutory exceptions; rather, it is the defendant's burden to establish that a statutory exception to liability applies). It is sufficient that Plaintiff has plausibly alleged the *prima facie* elements of her claim, and that the application of the exceptions noted by Defendant is not apparent from the face of the Complaint.

### C. Standing to Seek Injunctive Relief

**\*7** Finally, Defendant argues that Plaintiff lacks Article III standing to pursue injunctive relief because she has not alleged any threat of future injury.[5] Br. at 23-25. Article III of the U.S. Constitution limits the judicial power of federal courts to deciding "Cases" or "Controversies." U.S. Const. art. III, § 2. To meet the case-or-controversy requirement, a plaintiff must show that she has standing to sue. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) ("Subsumed within [Article III] is the requirement that a litigant have standing[.]"). To satisfy Article III's standing requirements, the burden is on the plaintiff to show the following:

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[A] plaintiff must demonstrate standing separately for each form of relief sought[.]" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citing *Friends of the Earth*, 528 U.S. at 185). The Court must presume that it lacks jurisdiction unless the party invoking jurisdiction establishes otherwise. *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing *Phila. Fed. of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)).

When a plaintiff seeks injunctive relief, they must demonstrate that they are "likely to suffer future injury"

from the conduct to be enjoined. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 111 (1983) ("The equitable remedy [of injunctive relief] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]" (citation omitted)). At this stage, given the recurrent and relatively recent nature of the alleged calls, Compl. ¶¶ 21-22, and the fact that Defendant continued to call Plaintiff after she repeatedly asked to be removed from the call list, *id.* ¶¶ 26-32, the Court finds that Plaintiff has alleged facts which, accepted as true, establish a sufficient likelihood that Defendant will call her again in the future. Thus, the motion to dismiss Plaintiff's request for injunctive relief for lack of subject matter jurisdiction is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, D.E. 8, is **DENIED**. An appropriate Order accompanies this Opinion.

## All Citations

Not Reported in Fed. Supp., 2023 WL 166168

## Footnotes

1   The submissions consist of CHW's motion to dismiss, D.E. 8 ("Br."); Plaintiff's opposition, D.E. 10 ("Opp."); and CHW's reply, D.E. 11 ("Reply").

2   The factual background is taken from Plaintiff's Complaint. D.E. 1.

3   Plaintiff also alleges that she "received additional calls from Defendant" beyond those seven. Compl. ¶ 23.

4   Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim if the TCPA claim is dismissed. Br. at 23. Because Plaintiff's TCPA claim survives the motion to dismiss, the Court does not reach this argument.

5   The TCPA explicitly provides a private right of action which permits a plaintiff to bring "an action based on a violation of the regulations prescribed under this subsection to enjoin such violation." 47 U.S.C. § 227(c)(5)(A). This statutory provision, however, does not obviate the need to establish the constitutional prerequisite of Article III standing. *See Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("Congress may, by legislation, expand standing to the full extent permitted by Art. III ... In no event, however, may Congress abrogate the Art. III *minima*[.]" (citations omitted)).

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag

Distinguished by Bryant v. Byron Udell & Associates Inc., E.D.Va., August 11, 2023

2023 WL 1782728
Only the Westlaw citation is currently available.
United States District Court, W.D. Pennsylvania.

Stewart ABRAMSON, individually
and on behalf of a class of all persons
and entities similarly situated, Plaintiff,

v.

AP GAS & ELECTRIC (PA), LLC, Defendant.

Civil Action No. 22-1299
|
Filed February 6, 2023

**Attorneys and Law Firms**

Anthony I. Paronich, Pro Hac Vice, Paronich Law, P.C., Hingham, MA, Jeremy C. Jackson, Bellefonte, PA, for Plaintiff.

Frederick P. Santarelli, Steven Tolliver, Jr., Elliott Greenleaf & Siedzikowski, PC, Blue Bell, PA, for Defendant.

Re: ECF No. 13

**OPINION**

KELLY, Magistrate Judge

**\*1** Plaintiff Stewart Abramson ("Abramson") initiated this action against Defendant AP Gas & Electric (PA), LLC ("AP Gas") alleging that AP Gas violated the Telephone Consumer Protections Act ("TCPA"), 47 U.S.C. § 227, by sending pre-recorded telemarketing calls to Abramson and purported class members to promote AP Gas goods and services without their consent. ECF No. 1.

Presently before the Court is a Motion to Dismiss filed on behalf of AP Gas. ECF No. 13. AP Gas contends that dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or, alternatively, that Abramson's claim for injunctive relief must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack

of standing. In addition, AP Gas seeks to strike the class allegations. For the reasons that follow, the Motion to Dismiss will be denied.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Abramson alleges that AP Gas provides gas and energy services to consumers and uses telemarketing to promote its products and solicit new clients. ECF No. 1 ¶¶ 16-17. The telemarketing program includes the use of automated calls to send prerecorded messages. Abramson states that he received at least eleven pre-recorded calls from AP Gas between August 9 and 18, 2022. At least one of these calls was received on his residential line that is used for personal purposes. Id. ¶¶ 20-22. Abramson identified the message as "clearly pre-recorded" because there was a delay after he answered the phone with a distinctive "click" that was followed by the pre-recorded message. The message was delivered in a monotone, non-personalized and generic manner, followed by a prompt to press a button in response to the recorded message. Id. ¶ 24. Abramson alleges that he received multiple calls that delivered the same pre-recorded message. The calls used a "spoofed" Caller ID number to make them appear to originate from a local phone number.

On August 18, 2022, Abramson received one of the calls and pressed a button in response. Abramson then spoke with a live individual identified as "Christopher", who told Abramson that he was calling to offer AP Gas services at a specified rate for 36 months. Id. ¶¶ 25-27. Christopher provided a telephone number for AP Gas for Abramson to call to obtain a verification number. Id. ¶¶ 28-31. Christopher listened to the conversation Abramson had with the person who performed the recorded verification and immediately came back on the line after the verification was completed. Id. ¶ 32.

Abramson alleges that he and other automated call recipients were harmed by these calls because they were temporarily deprived of legitimate use of their phones because the phone line was tied up; they were charged for the calls; their privacy was improperly invaded; and the calls were frustrating, obnoxious, annoying, a nuisance and disturbed the solitude of Abramson and the class. Id. ¶¶ 33-34.

**\*2** The following month, Abramson initiated this action with a Complaint filed on behalf of himself and a purported class against AP Gas. ECF No. 1. In response, AP Gas filed the pending Motion to Dismiss and brief in support. ECF Nos.

Case 1:26-cv-00658-JKM    Document 9-1    Filed 06/12/26    Page 8 of 12

Abramson v. AP Gas & Electric (PA), LLC, Not Reported in Fed. Supp. (2023)

13-14. Abramson filed a brief in opposition to the Motion to Dismiss. ECF No. 18. AP Gas filed a reply brief. ECF No. 19.

The Motion to Dismiss is now ripe for disposition.

## II. STANDARD OF REVIEW

### 1. Rule 12(b)(1)

"A motion to dismiss for want of standing is ... properly brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1), because standing is a jurisdictional matter." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). The standard applied by the Court in reviewing a Rule 12(b)(1) motion challenging standing depends on whether the motion presents a "facial" or a "factual" attack on the issue presented. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "[A] facial attack contests the sufficiency of the pleadings, ... whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (internal citation and alterations omitted).

In reviewing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A factual challenge, however, permits a court to weigh and consider evidence outside the pleadings. Id. In evaluating a factual attack on standing, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

The Motion to Dismiss Abramson's claim for injunctive relief is properly understood as a facial attack because AP Gas contends that the Complaint lacks sufficient factual allegations to establish standing. ECF No. 14 at 29. Thus, the facts alleged are construed in Abramson's favor, as the nonmoving party.

### 2. Rule 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Plausibility is "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"To determine the sufficiency of a complaint, a court must take three steps. First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' " Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011), as amended (June 6, 2011) (quoting Iqbal, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at [664]. Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' " Id. If the facts alleged in the complaint "show" that the plaintiff is entitled to relief, the court should deny the motion to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

## III. DISCUSSION

### A. The TCPA

**\*3** The TCPA was intended to combat, among other things, the proliferation of automated telemarketing calls (known as "robocalls") to private residences, which Congress viewed as a nuisance and an invasion of privacy. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 375 (2012). Thus, the TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes ... or is exempted by rule or order by the Commission." 47 U.S.C. § 227(b)(1)(B). The TCPA further provides that a "person or entity" may bring an action to enjoin violations of the statute and recover actual damages or $500 in statutory damages per violation, or treble damages for willful violations. 47 U.S.C. § 227 (b)(3)(B). "Because the TCPA is a remedial statute, it should be construed to benefit consumers." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 271 (3d Cir. 2013).

Pursuant to the TCPA, Abramson seeks injunctive relief prohibiting AP Gas from using a pre-recorded message to make or direct future calls to residential telephone numbers to advertise its good or services. ECF No. 1 at 9. Abramson also seeks statutory damages on behalf of himself and the proposed class of individuals who have been similarly harmed by AP Gas's violations of the TCPA. Id.

In the Motion to Dismiss, AP Gas challenges the sufficiency of facts alleged to state a claim under the TCPA, Abramson's standing to pursue injunctive relief, and the sufficiency of the class action allegations. The Court addresses each basis for dismissal as follows.

### B. 12(b)(6) Motion to Dismiss for Failure to State a Claim

To state a claim under Section 227(b)(1)(B) of the TCPA, a plaintiff must allege: (1) that the defendant initiated a telephone call to a residential telephone line, (2) using an artificial or prerecorded voice to deliver a message, (3) without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B). AP Gas contends that Abramson fails to adequately allege that it initiated the call or that the telephone line was a residential line. ECF No. 14 at 15-27. In addition, AP Gas suggests that the Complaint fails to allege a willful or knowing violation. Id. at 28-29. At this stage of the litigation, each argument is readily resolved in favor of Abramson.

First, Abramson alleges that he received at least one of the eleven pre-recorded calls "on his residential line. 412-XXX-0871. That number is not associated with a business and is used for personal purposes." ECF No. 4 ¶¶ 21-22. These factual allegations are given their plain meaning and are sufficient to support a plausible inference that a call was received on Abramson's residential line.

Second, Abramson alleges that he received a call that started with the following pre-recorded message:

Hello, this is a call from your utility company. You have been paying more than your consumption from the previous few months. You will be compensated by fifty dollars along with thirty five percent reduction on your electric and gas bill. Please press one to get your compensation.

Id. ¶ 23. This allegation sufficiently alleges that the caller used a prerecorded message.

Third, the call was then transferred to an agent who identified himself as "Christopher" who "told the Plaintiff that he was calling to sign individuals up for AP Gas's services." Id. ¶ 25. Christopher provided an AP Gas telephone number, directed Abramson to call the number for a verification number, stayed on the line during the verification process, and then returned on the line. These allegations, taken as true as they must at this stage of the litigation, along with any permissible and plausible inferences, are sufficient to establish a direct or otherwise authorized connection to AP Gas and thus "cross over the line to plausibly state a claim for relief...." Abramson v. Josco Energy USA, LLC, No. 21-1322 (W.D. Pa. Aug. 1, 2022) (ECF No. 30 at 5) (similar allegations "go beyond formulaically reciting the elements of Plaintiff's cause of action," and taken as true, state a claim for relief).

**\*4** This case contrasts with many of those cited by AP Gas, when the plaintiff "alleged merely that the calls at issue were made by, or on behalf of, or with the authorization of [the defendants]" and failed to allege that a representative on the phone stated that they were calling on behalf of the defendant. Bank v. GoHealth, LLC, No. 19-CV-5459, 2021 WL 1884671, at \*12 (E.D.N.Y. May 11, 2021), aff'd, No. 21-1287, 2022 WL 1132503 (2d Cir. Apr. 18, 2022) (contrasting Bank v. Lifewatch, No. 15-CV-5708 (E.D.N.Y. July 10, 2017), where the plaintiff alleged that at the end of a robocall he was transferred to a live person who claimed to work for the defendant)). AP Gas's reliance on Sheski v. Shopify (USA) Inc., No. 19-06858, 2020 WL 2474421, at \*2 (N.D. Cal. May 13, 2020) fairs no better. In that case, a text message was sent on the defendant's platform, which lacked "any control over a retailer's actual text marketing campaigns," and was thus not within the scope of the TCPA. Id. Equally unavailing is AP Gas's citation to Smith v. Direct Bldg. Supplies, LLC, No. 20-3583, 2021 WL 4623275, at \*3 (E.D. Pa. Oct. 7, 2021) where the First Amended Complaint "provide[d] no details specifying how Smith knew that Direct Building Supplies in fact placed these calls, such as that ... the persons with whom Smith spoke identified themselves as representatives of Direct Building Supplies...." And in Maldando-Rodriguez v. Citibank, N.A., No. 2:12-CV-150, 2013 WL 350814, at \*5 (N.D. Ind. Jan. 28, 2013), the district court rejected a claim under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692, et seq., because the plaintiff invoked boilerplate language to attribute improper conduct to the defendant, stating that it "acted through their agents, employees, officers, members, directors, heirs, assigns, principals, trustees, sureties, subrogees, representatives, and insurers." This allegation was "woefully insufficient," id.,

and stands in stark contrast to the allegations in Abramson's Complaint that plausibly infer a direct connection to AP Gas. Finally, Klein v. Just Energy Grp., Inc., No. 14-1050, 2016 WL 35359137, at *8 (W.D. Pa. June 29, 2016), was decided after discovery on defendants' motion for summary judgment, and the "uncontroverted evidence show[ed] that the calls were not made by or on behalf of the [named defendants]."

AP Gas next asserts that Abramson fails to allege that any violation was willful or knowing, and therefore the Complaint fails to state a claim for treble damages. ECF No. 14 at 28. Under the TCPA, the court has discretion to impose treble damages if the defendant's violation was "willful[ ] or knowing[ ]." See 47 U.S.C. § 227(b)(3)(C). To the extent that such an allegation is necessary only for an award of treble damages, the Complaint sufficiently sets forth a plausible claim for relief. Abramson alleges that the calls at issue were made at a time after AP Gas was sued for identical conduct. ECF No. 1 ¶ 19. Despite notice of the potential illegality of its conduct, AP Gas made at least eleven prerecorded calls to Abramson without his consent, with at least one call made to his residential phone. Id. These facts state a claim for a knowing violation of the TCPA. See, e.g., KHS Corp. v. Singer Fin. Corp., 376 F. Supp. 3d 524, 530 (E.D. Pa. 2019) ("A defendant commits a willful and knowing violation of the TCPA if he or she sends an unsolicited faxed advertisement that he or she knows to be a violation of the TCPA.").

For each of these reasons, the allegations of the Complaint and the plausible inferences drawn from them state a claim against AP Gas for the violation of the TCPA. Thus, dismissal is not warranted.

### C. Article III Standing

AP Gas next contends that Abramson lacks standing to pursue injunctive relief because the Complaint fails to allege "any threat of possible *future* injury" by AP Gas as required under Article III of the United States Constitution. ECF No. 14 at 29 (emphasis in original). Abramson responds that Article III standing is adequately stated based on allegations that AP Gas has adopted a strategy of marketing its services via prerecorded messages and that despite a prior lawsuit for violating the TCPA, it continues to initiate such calls. ECF No. 18 at 11-12. The Court agrees that these allegations establish standing for relief specifically provided for by the TCPA. See Section 227(b)(3) (a private of action is conferred on "a person or entity ... to enjoin such violation").

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," and it thus "limits the category of litigants empowered to maintain a lawsuit in federal court...." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). On a motion to dismiss for lack of standing, "[t]he plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the elements [of standing]." Id. That burden is readily met here, given the facial attack by AP Gas that requires that the Court consider the allegations of the Complaint as true.

**\*5** The Supreme Court's well-known standing test sets forth an "irreducible constitutional minimum" of three elements that a plaintiff must satisfy: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court[,]" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 [ ] (1992). Manuel v. NRA Grp. LLC, 722 F. App'x 141, 145 (3d Cir. 2018).

In Manuel, a panel of the United States Court of Appeals for the Third Circuit had no difficulty finding that the plaintiff had standing to assert a TCPA claim based on allegations in the complaint that he received calls on his cell phone placed by the defendant using an automatic telephone dialing system, without his consent, and in violation of the TCPA. Id. at 146 (citing Susinno v. Work Out World, Inc., 862 F.3d 346, 348 (3d Cir. 2017)). These allegations also met the requisite standing inquiry for statutory causes of action set forth in Lexmark In'tl, Inc. v. Static Control Components, Inc. 572 U.S. 118, 130-134 & 134 n.6 (2014) (announcing that zone-of-interests and proximate cause injury tests supply relevant limitations on statutory standing). Manuel, 2 F. App'x at 146 n. 7; see also Leyse v. Bank of Am. Nat. Ass'n, 804 F.3d 316, 326 (3d Cir. 2015) (applying zone-of-interests test to TCPA claim).

Here, along with allegations that AP Gas is aware of the requirements of the TCPA, Abramson alleges the elements of a TCPA claim to satisfy a demand for injunctive relief: (1)

Case 1:26-cv-00658-JKM    Document 9-1    Filed 06/12/26    Page 11 of 12

Abramson v. AP Gas & Electric (PA), LLC, Not Reported in Fed. Supp. (2023)

ongoing telemarketing by AP Gas using automated calls to send prerecorded messages; (2) Abramson's receipt of at least eleven prerecorded calls from AP Gas between August 9 and 18, 2002, without his consent; and (3) injury in the form of disturbed solitude and annoyance as well as being temporarily deprived of the use of his phone. ECF No. 1 ¶¶ 19-21. These allegations adequately place him within the zone of interests protected by the TCPA, and allege a pattern and practice by AP Gas of violating the TCPA. These allegations are accepted as true, and permit an inference of future violations that the TCPA seeks to enjoin.

#### D. Class Allegations

AP Gas next seeks to strike the class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23 because: (1) the proposed class is impermissibly overbroad; (2) the class is not "fail-safe"; and (3) common questions of law and fact do not dominate. At this early stage of the litigation, the Court concludes that none of the arguments proffered by AP Gas warrant the relief requested. To that end, this Court recently found identical class allegations challenged on identical grounds by some of the identical counsel sufficient to survive a motion to dismiss. See Abramson v. Josco Energy, No. 21-1322 (W.D. Pa. Aug. 1, 2022) (ECF No. 30 at 6-8). The Court agreed with the plaintiff that the motion was premature given the self-limiting definition of the class and further "that such motions [to strike class allegations] should be granted only in the rare case where the complaint demonstrates that no amount of discovery will allow the Plaintiff to meet the requirements of class certification." Id. at 7-8 (citing Swank v. Wal-Mart Stores, Inc., No. 13-CV-1185, 2015 WL 1508403, at *2 (W.D. Pa. Mar. 31, 2015), Sagar v. Kelly Auto. Grp., Inc., No. 21-CV-10540-PBS, 2021 WL 5567408, at *7 (D. Mass. Nov. 29, 2021); Rosenberg v. LoanDepot.com, LLC, 435 F. Supp. 3d 308 (D. Mass. 2020); Donaca v. Metro. Life Ins. Co., No. CV-13-0561, 2014 WL 12597152, at *3-4 (C.D. Cal. Jan 22, 2014); Adam v. CHW Grp., Inc., No. 21-CV-19-LRR, 2021 WL 7285905, at *11 (N.D. Iowa Sept. 9, 2021)(collecting cases)). In addition,

*6 the Court agrees with Plaintiff that discovery will or will not reveal whether the commonality concerns raised by Defendant are well founded. Thus, because the Court

determines that [ ] 'it is possible that [ ] discovery could possibly demonstrate the viability of the class,' ... it would be inappropriate to strike the class allegations at this stage, in that the Defendant's arguments in essence ask this Court to resolve, on the pleadings alone, whether class treatment would be permitted under Rule 23, and if so, the scope of a certified class. It is simply premature for the Court to do that in light of the principles outlined above.

Josco, at 8 (quoting Swank, 2015 WL 1508403, at *2).

For the same reasons, the Court denies the motion to strike class allegations by AP Gas.

## IV. CONCLUSION

For the foregoing reasons, Defendant AP Gas & Electric (PA), LLC's Motion to Dismiss Plaintiff's Complaint and/or to Strike Plaintiff's Class Allegations, ECF No. 13, is properly denied, without prejudice. Accordingly, the following Order is entered:

## ORDER

AND NOW, this 6th day of February, 2023, upon consideration of Defendant AP Gas & Electric (PA), LLC's Motion to Dismiss Plaintiff's Complaint and/or to Strike Plaintiff's Class Allegations, ECF No. 13, and the briefs filed in support and in opposition thereto, and for the reasons set forth in the accompanying Memorandum, the motion is DENIED, without prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

## All Citations

Not Reported in Fed. Supp., 2023 WL 1782728

Footnotes

1       Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 16 and 21.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.